In the Matter of the Application of FRED S. MATHEWSON, Petitioner, for a Peremptory Mandamus Order Directed to ROY R. BROCKETT and Others, Constituting the Board of Trustees of the Village of Kenmore, New York, and ROY R. BROCKETT, as President of the Said Village of Kenmore, New York, Respondents, to Issue and Deliver to Him Written Building Permits for the Erection and Construction of Certain Buildings in the Village of Kenmore, New York.

Supreme Court, Erie County, August, 1926.

**Municipal corporations — mandamus to compel board of trustees of village to issue permit for erection of apartment house — prior decision by Special Term under certiorari proceedings that zoning ordinance is invalid, is binding — appeal in certiorari proceedings does not prevent petitioner from making this application.**

Petitioner is entitled to a peremptory order of mandamus compelling the trustees and president of the village of Kenmore to issue a permit authorizing him to erect an apartment house in the village, for a prior decision by the Special Term in certiorari proceedings to review the action of the board of appeals, to the effect that the zoning ordinance is invalid, is binding on this court, and an appeal from the decision in that case operates merely to stay further action therein and does not prevent the petitioner from proceeding herein.

APPLICATION for peremptory order of mandamus.

*Israel Rumizen,* for the petitioner.

*Frank C. Moore,* for the respondents.

Supreme Court, August, 1926.        [Vol. 127

HARRIS, J.   The petitioner asks for a peremptory mandamus order directing the board of trustees of the village of Kenmore, and the president of such village to issue and to deliver to the said petitioner written permits for the erection and construction of an apartment house and a series of private garages in the rear thereof, such buildings to be constructed on premises at the corner of Courier boulevard and Delaware road in the village of Kenmore.

In February, 1926, an application was made at Special Term for an order of certiorari against the so-called board of appeals of the village of Kenmore, N. Y., such application being made due to the fact that such board of appeals had denied such permits to the petitioner herein.   At such Special Term Mr. Justice PIERCE denied the order of certiorari, holding that the zoning ordinances under which the so-called board of appeals had been created were invalid and that such zoning ordinances were non-enforcible. The defendants in such certiorari proceedings have appealed from such order of Mr. Justice PIERCE.

The defendants herein now contend that such appeal stays all proceedings on the part of petitioner herein in an endeavor to secure the permits which he desires. The defendant further contends herein that Mr. Justice PIERCE had no right to determine the validity of such zoning ordinances in such certiorari proceedings.

In my opinion the defendants are at fault in both of these contentions; I am of the opinion that the appeal from the order in the certiorari proceedings simply stays the further action of the petitioner in such proceedings, and I am further of the opinion that, in determining the certiorari proceedings, Mr. Justice PIERCE of necessity had to pass on the validity of such zoning ordinances. There having been no reversal of the order of Mr. Justice PIERCE in the certiorari proceedings, I feel that his decision as to the validity of the zoning ordinances is binding on me.

There existing no zoning ordinances in the village of Kenmore, I can see no reason for denying the application of the petitioner herein for the order of peremptory mandamus, and, therefore, an order may be prepared granting the application of the petitioner herein directing the said board of trustees and the said president to issue and to deliver to the petitioner herein the written building permits for the erection and construction of the apartment house and garages above mentioned.